# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAISY LYNNE MEADOWS *and* CHRISTOPHER SHIELDS, a/k/a CHRISSY SHIELDS,<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH LOMBARDO, *et al.*,<br><br>Defendants. | Case No. 2:23-cv-00755-RFB-MDC<br><br>**ORDER** |

Before the Court is Plaintiff Shields' Motion for Dismissal of Claim (ECF No. 16), in which she "motions this honorable court for dismissal of the foregoing claim. This motion is based upon all papers, pleadings, and motions on file."

Federal Rule of Civil Procedure 41(a) provides that a "plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgement[.]" The term "action" within Rule 41 refers to all claims by one plaintiff against one defendant. See Pedrina v. Han Kuk Chun, 987 F.2d 608, 610 n.2 (9th Cir. 1993); see also 8 Moore's Federal Practice – Civil § 41.21 ("[C]ourts have held that Rule 41(a) permits fewer than all plaintiffs to withdraw from an action."); Charles Alan Wright & Arthur R. Miller, 9 Federal Practice and Procedure § 2362 (4th ed. 2008 ("The power to drop some plaintiffs or defendants from the suit plainly exists, either explicitly in the Federal Rules or in the district court's inherent power").

The Court now turns to Ms. Shields' motion. The Court construes Ms. Shield's Motion for Dismissal of Claim as a timely Notice of Dismissal. See United States v. Seesing, 234 F.3d 456, 462-63 (9th Cir. 2000) (noting obligation of courts to liberally construe *pro se* motions and

submissions from people who are incarcerated). The Court finds from the record that no opposing party has yet been served in this action nor filed either an answer or motion for summary judgment. Therefore, under Rule 41(a), Ms. Shields may dismiss her portion of the action by right, without requiring a separate Court order. See Pedrina, 987 F.2d 608, 610 (9th Cir. 1993) (explaining that the filing of a notice of dismissal "itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play.") (quoting American Cyanamid Co. v. McGhee, 317 F.2d 295, 297 (5th Cir. 1963)). While the Court "has no role to play," id., it issues this order for the sake of clarity.

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Clerk of Court is instructed to update the docket entry of the Plaintiff Shields' Motion for Dismissal of Claim (ECF No. 16) to reflect that it is a Notice of Dismissal.

**IT IS FURTHER ORDERED** that the Clerk of Court will mail Plaintiff Shields physical courtesy copies of this Order and the updated Docket Sheet.

**DATED:** June 21, 2024.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**