UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAISY LYNNE MEADOWS, *et al.*, <br><br> Plaintiffs, <br> v. <br> JOSEPH LOMBARDO, *et al.*, <br><br> Defendants. | Case No. 2:23-cv-00755-RFB-MDC <br><br> **ORDER** |

This action began with a *pro se* civil-rights complaint under 42 U.S.C. § 1983 submitted by state prisoners Daisy Lynne Meadows and Christopher Shields (ECF No. 1-1). State prisoner Anthony Nicklas later moved to join the action as a plaintiff (ECF No. 5-1). In screening the Complaint, the Court allowed claims under the First and Eighth Amendments to proceed, dismissed the First Amendment claim about denial of access to the courts and the official-capacity claims for injunctive relief against state officials with leave to amend, and dismissed the remaining claims with prejudice. The Court deferred ruling on Nicklas' motion for permissive joinder but ordered that inmate to file her updated address with the Court by March 18, 2024. Because the Court granted Meadows' motion for the appointment of counsel, it did not set a deadline for Plaintiffs to file a first amended complaint.

After the Court entered its screening order, Plaintiff Meadows filed a motion updating the Court about the status of her efforts to obtain counsel and reiterating her need for pro bono counsel. Plaintiff Shields moved to voluntarily dismiss all her claims. But Interested Party Nicklas did not file her updated address with the Court.

The Court has appointed Yi Lin Zheng and Andrew Wong as *pro bono* counsel for Plaintiff Meadows in this action. Plaintiff Meadows' motion addressing the Court about that matter is therefore denied as moot. The Court denies Interested Party Nicklas' motion for permissive joinder because she has not kept the Court apprised of her address despite being ordered to do so. Finally, the Court sets a deadline for Plaintiff Meadows to file a counseled first amended complaint.

///

1   **IT IS THEREFORE ORDERED** that Plaintiff Meadows' motion addressing the Court about the matter of appointing her counsel **(ECF No. 15) is DENIED as moot**.

**IT IS FURTHER** ordered that Interested Party Nicklas' motion for permissive joinder **(ECF No. 5-1) is DENIED**. Anthony Nicklas is dismissed without prejudice from this action.

**IT IS FURTHER ORDERED** that Plaintiff Meadows has **until on or before July 19, 2024,** to file a counseled first amended complaint.

Plaintiff Meadows is advised that the Court will screen the amended complaint in a separate screening order and the screening process will take several months.[1] If Plaintiff Meadows chooses not to file an amended complaint, this action will proceed only on (1) the First Amendment retaliation claim against Livingston and Julie Williams now, and against the unnamed prison officials when Plaintiff Meadows learns their true names and obtains leave to substitute them as defendants; and (2) the Eighth Amendment claim about indifference to unsafe prison conditions against Livingston, Brown, Quinn, Dison, Barrett, Julie Williams, Johnson, and Lopez.

**DATED:** June 21, 2024

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

---

[1] Because Plaintiff Meadows is incarcerated and applies to proceed *in forma pauperis* (ECF No. 4), if she chooses to file a first amended complaint the Court will screen it under 28 U.S.C. §§ 1915A(a), 1915(e)(2)(B)(i)–(iii). See Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (explaining that § 1915(e)(2)(B) applies to all actions filed *in forma pauperis* regardless of whether or not the plaintiff is incarcerated).