# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Daisy Lynne Meadows, | 2:23-cv-00755-RFB-MDC |
| Plaintiff(s), | |
| vs. | **ORDER GRANTING MOTION TO WITHDRAW AND GRANTING MOTION FOR SERVICE (ECF NOS. 26 AND 28)** |
| Joseph Lombardo, *et al.*, | |
| Defendant(s). | |

Pro bono counsel, Andrew Wong and Yi Lin Zheng, filed a Motion to Withdraw and a Motion for Service. ECF Nos. 26 and 28. The Court grants both motions.

Counsel argues that plaintiff Daisy Meadows, "has asked counsel to make arguments and request relief that are unsupported under the law. This has resulted in counsels' inability to meaningfully discuss case strategy and objectives with Ms. Meadows." ECF No. 26 at 2. Courts generally consider the following four factors when ruling upon a motion to withdraw: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case. *Castillo v. W. Range Ass'n*, No. 3:16-cv-00237-RCJ-CLB, 2024 U.S. Dist. LEXIS 60553, at *5 (D. Nev. Mar. 29, 2024)(citing cases). All factors favor granting withdrawal. Counsel seeks to withdraw because he cannot meaningfully discuss case strategy and objectives with Ms. Meadows. Both prejudice and delay are minimized because (1) no one opposes pro bono counsel withdrawing and (2) this case is in its early stages. The Court thanks counsel for their pro bono service and grants the Motion to Withdraw.

The Attorney General ("AG") has accepted service for defendants Cisco Aguilar, Julie Williams, and Aaron Ford. ECF No. 30. The AG is continuing to investigate the identity of defendant Lopez. *Id*. Pro bono counsel do not identify an address for Governor Joseph Lombardo in their Motion for Service

1

but note that he will not accept service. The Governor has previously required personal service in other prisoner litigation cases. While government defendants certainly have right to require personal service instead of accepting service by way of the Attorney General or other counsel, this unfortunately expends scarce law enforcement resources of the US Marshal. Nevertheless, the Court defers to the circumstances and will direct the US Marshal to please effectuate personal service on defendant Lombardo at one of the following previously identified, public address for service:

Governor Lombardo has been served in the past at two public addresses: (1) State Capitol Building, 101 N. Carson Street, Cason City, Nevada 89701; or (2) 1 Harrah's Court, 4th Floor, Las Vegas, Nevada 89117.

Accordingly,

**IT IS ORDERED that:**

1. Pro bono counsel's *Motion to Withdraw* (ECF No. 26) and Motion for Service (ECF No. 28) are both GRANTED.
2. The Clerk of Court is kindly directed to:
   a. Add Daisy Meadow's address to the docket:

   Daisy Meadows, #1027585
   P.O. Box 1989
   4569 North State Route 490
   Ely, Nevada 89301

   b. Send plaintiff Daisy Meadows a USM-285 form for Defendant Lombardo.
   c. Issue and deliver summonses for defendant Joseph Lombardo at the first address, the:

   State Capitol Building
   101 N. Carson Street
   Carson City, NV 89701

3. The Clerk is also directed to deliver copies of the following documents to the U.S. Marshal for service:

      a. The summons for defendant Joseph Lombardo.

      b. Sufficient copies of the Complaint (ECF No. 22).

      c. The Screening Order (ECF No. 23).

      d. Plaintiff's returned USM Form.

      e. This Order.

4. Within 20 days of this Order, plaintiff must complete a USM-285 form for defendant Lombardo and include the State Capitol address on the form listed above. Once completed, plaintiff must provide the completed USM-285 forms to the U.S. Marshals Service at 333 Las Vegas Blvd. South, Suite 2058, Las Vegas NV 89101.

5. Upon receipt of the issued summonses, the USM-285 forms, and the copies of the operative complaint—and pursuant to Federal Rule of Civil Procedure 4(c)(3)—the U.S. Marshals Service must attempt service upon the defendant.

6. Within 20 days after receiving from the U.S. Marshals Service a copy of the form USM-285 showing whether service has been accomplished, plaintiff must file a notice with the Court identifying whether the defendant has been served. If plaintiff wishes to have service again attempted on the defendant at an alternate address, plaintiff must file a motion with the Court identifying the defendant and specifying a more detailed name and/or address for that defendant or whether some other manner of service should be attempted.

DATED: February 13, 2025.

IT IS SO ORDERED.

                                          _____
                                          Hon. Maximiliano D. Couvillier III
                                          United States Magistrate Judge

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk

of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.